**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SURF'S UP LEGACY PARTNERS, LLC (f/k/a KAABOO, LLC), *et. al.*, | ) ) ) | |
| Plaintiffs-Counterclaim Defendants, | ) ) ) | |
| v. | ) ) | C.A. No. N19C-11-092 PRW CCLD |
| VIRGIN FEST, LLC, *et. al.*, | ) ) ) | |
| Defendants-Counterclaim Plaintiffs. | ) ) | |

Submitted: June 27, 2024
Decided: July 2, 2024

**ORDER DENYING**
**VIRGIN FEST'S MOTION FOR REARGUMENT**

**HAVING FULLY CONSIDERED** Virgin Fest's Motion for Reargument (D.I. 441) of the Court's post-trial decision (D.I. 440); KAABOO's response thereto (D.I. 445); the authorities cited; the parties' arguments upon hearing of the application; and, the entire record developed thus far, it appears to the Court that:

(1) A motion for reargument under Civil Rule 59(e) allows the Court to reconsider its findings of fact, conclusions of law, or judgment.[1] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[2] And such a

---

[1] Super. Ct. Civ. R. 59(e); s*ee Nicholson v. Sullivan,* 1993 WL 542297, at *1 (Del. Dec. 6, 1993) ("A motion for reargument is the proper device for seeking reconsideration of the findings of fact and conclusions of law of the Superior Court.").

[2] *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

-1-

motion will be denied unless it has been demonstrated that the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of its earlier decision.[3] Motions for reargument should not be used merely to rehash arguments or issues already decided by the Court.[4] Nor are they instruments for raising new arguments.[5] Upon its own examination of a Rule 59(e) application, the Court "will determine from the motion and answer whether reargument [or reconsideration] will be granted."[6]

(2)    Virgin Fest has not met its burden here; the Court has neither overlooked any controlling precedent or legal principle, nor has it misapprehended the law or the facts such as would affect the outcome of the decision.

(3)    Virgin Fest's motion for reargument asks the Court to revisit its application of the Asset Purchase Agreement's ("APA") $2 million cap on Losses.[7] Having found that Virgin Fest did not justifiably rely upon certain of KAABOO's knowingly false representations, the Court held that Virgin Fest did not prevail on its contractual or common law fraud claims.[8] Accordingly, pursuant to Section

---

[3]   *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Ct. Aug. 24, 2001).

[4]   *Id.*

[5]   *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 5055955, at *1 (Del. Super. Ct. Aug. 27, 2015) (citing cases).

[6]   Super. Ct. Civ. R. 59(e).

[7]   Virgin Fest's Motion for Reargument ("Motion"), Ex. B. ("APA").

[8]   *Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2024 WL 1596021, at *21 (Del. Super.

6.02(b)(i) of the APA, Virgin Fest's damages were capped at $2 million.   Virgin Fest now argues that the Court erred, because the fraud exception to the damages cap didn't require a showing of reliance.

(4)   But, for good reason, that's not how Virgin Fest presented its dual fraud claims throughout this litigation.   Indeed, Virgin Fest had always argued that justifiable reliance was an element to its fraud claims generally.   In its opening and answering post-trial briefs, Virgin Fest contended that it justifiably relied on the representations in the APA as to its fraud claims.[9]   Yet, it now argues that reliance only applied to its common law fraud claims, not its contractual fraud claims, and that the Court erred in applying the cap—in Virgin Fest's view—*sua sponte*.  Not so.

(5)   First, the Court need not apply this post-hoc distinction that Virgin Fest itself never raised before, including in its briefing.[10]  More to the point, Virgin Fest's interpretation not only is inconsistent with its earlier formulation—it never suggested that justifiable reliance was not a required element for its contractual fraud claims—but also goes against the plain reading of the APA.

---

Ct. Apr. 12, 2024).

[9]   Virgin's Post-Trial Opening Brief at 42-43 (D.I. 434); Virgin's Post-Trial Answering Brief at 52 ("In addition, neither the APA nor any of the other contracts include anti-reliance provisions, and 'reliance is justified in the contractual context where there [are] no anti-reliance provision[s].'").

[10]   *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) ("Issues not briefed are deemed waived."); *In re Mobilactive Media, LLC*, 2013 WL 297950, at *12 n.152 (Del. Ch. Jan. 25, 2013) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work .... Judges are not expected to be mindreaders.").

(6)     The APA provides for a fraud exception to the damages cap in Section 6.02(b)(i).[11] Annex II of the APA defines "Fraud" to mean "any false representation, misrepresentation, deceit, or concealment of a fact with the intention to deceive, conceal or otherwise cause injury. 'Fraud' shall not include constructive fraud or other claims based on constructive knowledge or merely negligent misrepresentation or similar theories."[12] Virgin Fest says now that this provision clearly obviates the normal (or common law) requirement of reliance, because reliance is not mentioned in the provision.[13]

(7)     Delaware law does allow parties to limit liability for fraud to intentional misrepresentation.[14] And the parties here did just that by defining the requisite state of mind to prove contractual fraud. Under Annex II of the APA's definition to Fraud,

---

[11]   Section 6.04 of the APA provides:

> 6.04 Special Rule for Fraud.
>
> Notwithstanding anything in this Article VI to the contrary, in the event of any breach of a representation or warranty by any Party hereto that results from or constitutes Fraud,
>
> *          *          *
>
> then . . . (b) the limitations set forth in Section 6.02(b) or Section 6.03(6) (as the case may be) shall not apply to any Loss that the Buyer Indemnified Parties or the Seller Indemnified Parties, respectively, may suffer, sustain or become subject to, as a result of, arising out of, relating to or in connection with any such breach, and (c) none of such Losses shall count towards the satisfaction of the Cap, as applicable.

[12]   APA, Annex II at 3.

[13]   Motion at 3 ("Notably, the contractual definition does not contain any reference to, or requirement of, reliance").

[14]   *See Express Scripts, Inc. v. Barack Holdings Corp.*, 248 A.3d 824, 831 (Del. 2021).

only those fraud claims where the party acted "with an intent to deceive, conceal or otherwise cause injury" escape the damages cap. So, that eliminates fraud claims with a state of mind less than intentional knowledge, including recklessness or negligent misrepresentation. Too, the second clause removes any doubt that the definition of Fraud is only with respect to the state of mind; the second clause expressly sets out the claims that are not included—*i.e.* claims based on constructive knowledge or negligent misrepresentation. The provision therefore only speaks to the parties' waiver of fraud claims with a state of mind less than intentional knowledge, not a waiver of reliance.[15] Any such contractual elimination of that latter necessary element of a fraud claim would have to be equally expressed.

(8) Virgin Fest had always, until this motion, championed its fraud claims—both common law and contractual—as though justifiable reliance was a necessary ingredient of each. For good reason, the natural read of the APA's language supports just that. In turn, there has been nothing overlooked or misapprehended by the Court and reargument or reconsideration is not due.

Accordingly, **IT IS HEREBY ORDERED** that Virgin Fest's Rule 59(e)

---

[15] Indeed, to implicitly insert a disclaimer of reliance as Virgin Fest suggests would make redundant the Section 6.04 language that the exception to the damages cap only covers Loss one "may suffer, sustain or become subject to as a result of . . . any such breach." The Court will not a construe a contract in a way rendering a provision or term "meaningless or illusory." *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010). If a party does not rely on the falsity of a representation, it did not suffer damages "as a result of" it.

Motion is **DENIED**.  The parties shall, within 21 days, confer and prepare a form of final order of judgment consistent with the Court's post-trial decision that was issued on April 12, 2024.

/s/ *Paul R. Wallace*

_____
Paul R. Wallace, Judge

Original to Prothonotary
cc: All Counsel via File and Serve